**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| SVARN INFRATEL PVT LTD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>Defendants. | Court No. 26-04164 |

**AMENDED COMPLAINT**

Plaintiff, SVARN INFRATEL PVT LTD ("Plaintiff"), by and through its undersigned attorney, for its Amended Complaint, alleges as follows:

1. Plaintiff is a U.S.-based importer of record of imported merchandise subject to the temporary import surcharge imposed pursuant to Proclamation 11012 under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 ("Section 122").

2. Beginning in February 2025, President Trump issued multiple executive orders invoking the International Emergency Economic Powers Act of 1977 ("IEEPA"), 50 U.S.C. § 1701 et seq., as the asserted legal authority to impose tariffs on goods imported from nearly every foreign country.

3. On February 20, 2026, the U.S. Supreme Court held that IEEPA does not authorize the President to impose these duties. Learning Resources, Inc. v. Trump, 607 U.S. 229, 255 (2026) (vacating and remanding No. 24-1287 with instructions to dismiss for lack of jurisdiction, and affirming the judgment in No. 25-250, V.O.S. Selections, Inc. v. Trump, 149 F.4th 1312 (Fed. Cir. 2025) (en banc)).

4. On the same day, February 20, 2026, the President issued Proclamation 11012, Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems, 91 Fed. Reg. 9339 (Feb. 25, 2026), invoking Section 122 as the asserted legal authority to impose a temporary import surcharge on articles imported into the United States (the "Section 122 surcharge"). As a direct and unavoidable consequence of that proclamation, Plaintiff has been required to pay the Section 122 surcharge on its imported merchandise, resulting in significant financial harm.

5. The Supreme Court also confirmed that challenges to tariffs of this kind fall within the exclusive jurisdiction of the Court of International Trade ("CIT"). Learning Resources, 607 U.S. at 239.

6. Given that the Section 122 surcharge has been held to be unlawful and is no longer in effect, and for the reasons set out in Burlap and Barrel, Plaintiff brings this action to ensure that it can obtain a judgment ordering a full refund of all Section 122 surcharge amounts Plaintiff has paid to the United States.

7. This separate action is necessary because even though the Section 122 surcharge and underlying proclamation have been held unlawful by this Court, Plaintiff is not guaranteed a refund for those unlawfully collected amounts in the absence of its own judgment and judicial relief.

**PARTIES**

8. Plaintiff is a private limited company incorporated in India, with its registered office in Delhi, India. Plaintiff is the importer of record for entries of merchandise into the United States on which the Section 122 surcharge was paid.

9. Defendant United States of America received the disputed Section 122 surcharge and is the statutory defendant in this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

10. Defendant United States Customs and Border Protection ("CBP") is the agency of the United States charged with administering and enforcing customs laws, including the assessment and collection of duties on imported merchandise, and CBP collected the Section 122 surcharge paid by Plaintiff on its entries.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

12. Defendants are referred to collectively in this Complaint as "Defendants."

**JURISDICTION**

13. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i)(1)(B), which confers on the Court exclusive jurisdiction over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for … (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." See also Learning Resources, 607 U.S. at 239.

14. This Court has all the powers in law and equity of a United States district court. 28 U.S.C. § 1585. In an action brought under 28 U.S.C. § 1581, including under § 1581(i), the Court is authorized to enter judgment against the United States for monetary relief and to grant all appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition, including orders directing the refund and reliquidation of unlawfully collected duties, notwithstanding the liquidation status of the affected entries. See 28 U.S.C. §§ 2643(a)(1), (c)(1).

**STANDARD OF REVIEW**

15. Pursuant to 28 U.S.C. § 2640(e), actions commenced under 28 U.S.C. § 1581(i) are reviewed in accordance with the standards set forth in the Administrative Procedure Act, 5 U.S.C. § 706. Under those standards, the Court is required to hold unlawful and set aside agency action,

findings, and conclusions that are contrary to constitutional right, power, privilege, or immunity, or that exceed statutory jurisdiction, authority, or limitations. See 5 U.S.C. § 706(2)(B), (C); 28 U.S.C. § 2640(e).

## STANDING

16. 28 U.S.C. § 2631(i) states that "[a]ny civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."

17. Plaintiff has standing to bring this action because, as the importer of record for entries subject to the Section 122 surcharge as implemented and collected by CBP, which has been held unlawful by this Court, Plaintiff is directly and adversely affected and aggrieved by Defendants' actions requiring Plaintiff to pay the unlawful Section 122 surcharge. The relief Plaintiff seeks from this Court would address those injuries.

## TIMELINESS

18. Pursuant to 28 U.S.C. § 2636(i), an action commenced under the Court's residual jurisdiction in 28 U.S.C. § 1581(i) must be filed within two years after the cause of action first accrues.

19. This action was timely commenced within two years of Proclamation 11012 implementing the Section 122 surcharge, and within two years of Plaintiff's deposit of the Section 122 surcharge. 28 U.S.C. § 2636(i).

## FACTUAL BACKGROUND

### I. The President imposes a temporary import surcharge, invoking Section 122 for his authority.

20. On February 20, 2026, the same day the Supreme Court issued its decision in Learning Resources, the President issued Proclamation 11012, Imposing a Temporary Import Surcharge To Address Fundamental International Payments Problems, 91 Fed. Reg. 9339 (Feb. 25, 2026).

21. Proclamation 11012 invoked Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, as the asserted legal authority for a temporary import surcharge, and invoked section 604 of the Trade Act of 1974, 19 U.S.C. § 2483, to embody that surcharge in the HTSUS.

22. Section 122 authorizes the President, whenever "fundamental international payments problems require special import measures to restrict imports," to proclaim, for a period not exceeding 150 days unless extended by Act of Congress, a temporary import surcharge not to exceed 15 percent ad valorem. 19 U.S.C. § 2132(a).

23. Proclamation 11012 imposed a temporary import surcharge of 10 percent ad valorem on articles imported into the United States, with limited exceptions, effective February 24, 2026, and stated that the surcharge should remain operative until July 24, 2026.

24. In implementing the Section 122 surcharge, Defendants directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring that goods subject to the surcharge be entered under new tariff codes within Subchapter III to Chapter 99, HTSUS, in addition to all other applicable HTSUS subheadings.

25. CBP assessed and collected the Section 122 surcharge from Plaintiff pursuant to Proclamation 11012 and the resulting HTSUS provisions.

**II. CBP's Implementation of the Section 122 Surcharge.**

26. CBP is charged with the assessment and collection of duties, including the Section 122 surcharge. See 19 U.S.C. §§ 1500, 1502.

27. CBP communicates to the trade community changes to the HTSUS and its administration of those changes through its Cargo Systems Messaging Service ("CSMS").

Through CSMS guidance, CBP has directed and effectuated the assessment and collection of the Section 122 surcharge challenged in this action.

**III. Liquidation.**

28. "'Liquidation' means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1.

29. When merchandise is imported into the United States, the importer of record is required to file an entry declaration asserting the value, country of origin, and HTSUS classification of the imported goods, and to deposit estimated duties based on that declaration. See 19 U.S.C. § 1484.

30. Unless liquidation of an entry is extended or suspended by CBP, liquidation, i.e., the final and conclusive determination of the duties owed on the entry, must occur within one year from the date of entry. See 19 U.S.C. § 1504.

31. "Decisions" of CBP enumerated in 19 U.S.C. § 1514(a), as well as clerical errors, mistakes of fact, or other inadvertence, become final 180 days after liquidation unless an administrative protest is filed. See 19 U.S.C. § 1514(a). But not all liquidations are protestable: where CBP acts in ministerial capacity in imposing a duty, the entry's liquidation cannot be protested. Id.; see also Rimco Inc. v. United States, 98 F.4th 1046, 1052-53 (Fed. Cir. 2024).

32. This Court possesses "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." In re Section 301 Cases, 524 F. Supp. 3d 1355, 1363 (Ct. Int'l Trade 2021). Once jurisdiction under 28 U.S.C. § 1581(i) has attached, the Court retains authority to order the reliquidation of entries and refund of unlawfully collected duties even after liquidation.

**IV. This Court has held that the Section 122 surcharge is not authorized.**

33. On May 7, 2026, a three-judge panel of this Court held that Proclamation 11012 is invalid, concluding that the balance-of-payments findings on which the proclamation rested do not

constitute balance-of-payments deficits within the meaning of Section 122, and that the proclamation's use of trade and current account deficits to stand in the place of balance-of-payments deficits renders the proclamation ultra vires. See Burlap and Barrel, Inc. v. United States, Slip Op. 26-47, 2026 WL 1257669, Consol. Court Nos. 26-01472 & 26-01606 (Ct. Int'l Trade May 7, 2026) (decided together with Oregon v. United States).

34. The decision was issued by a divided panel of Judges Mark A. Barnett, Claire R. Kelly, and Timothy C. Stanceu, with Judge Stanceu dissenting.

35. This Court entered a permanent injunction against collection of the Section 122 surcharge only as to the plaintiffs before it and declined to enter a universal injunction. Relief was therefore party-specific.

36. The Government appealed to the Court of Appeals for the Federal Circuit on May 8, 2026. This Court denied the Government's motion to stay enforcement of its judgment pending appeal on May 20, 2026. See *Slip Op.* 26-53, Consol. Court Nos. 26-01472 & 26-01606 (Ct. Int'l Trade May 20, 2026). On June 11, 2026, the Federal Circuit granted the Government's motion for a stay pending appeal. See *Oregon v. Trump*, Nos. 2026-1804, 2026-1805 (Fed. Cir. June 11, 2026). That appeal remains pending.

37. The Section 122 surcharge expired by operation of the 150-day limit in 19 U.S.C. § 2132(a) on July 24, 2026. The expiration of the surcharge did not refund the amounts already collected, and Defendants have not refunded the Section 122 surcharge collected from Plaintiff.

38. CBP has not established any administrative process through which Plaintiff may obtain a refund of the Section 122 surcharge. The Consolidated Administration and Processing of Entries system constructed by the Government to process refunds of IEEPA duties does not accept entries that do not carry an IEEPA tariff provision, and therefore cannot process Plaintiff's entries on which only the Section 122 surcharge was assessed.

39. Because relief in Burlap and Barrel was limited to the plaintiffs in that action, Plaintiff cannot obtain a refund of the Section 122 surcharge without its own judgment and judicial relief in this Court.

**V. Plaintiff paid the Section 122 surcharge.**

40. As of the filing of this Complaint, Plaintiff has paid the Section 122 surcharge imposed by Proclamation 11012 under the tariff provision created for that surcharge.

41. Plaintiff was required to pay the Section 122 surcharge in connection with its importations while Proclamation 11012 remained in effect.

42. Plaintiff does not plead individual entry numbers or a total dollar amount because Plaintiff's claims concern all entries on which Plaintiff paid the Section 122 surcharge and for which complete relief, including all refunds and interest required by law, has not been provided. Entry-specific information is available from CBP's records and Plaintiff's import records and can be identified as necessary in the implementation of any judgment.

**COUNT I**

**PROCLAMATION 11012 IS UNLAWFUL FOR THE REASONS STATED BY THIS COURT IN BURLAP AND BARREL**

43. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. In *Burlap and Barrel*, this Court considered a challenge to the President's authority to impose a temporary import surcharge under Section 122, holding that the President exceeded his authority under Section 122, 19 U.S.C. § 2132, when he imposed the surcharge by Proclamation 11012.

45. This Court held that the surcharge imposed under Section 122 is unlawful, concluding that the trade and current account deficits on which Proclamation 11012 relied do not constitute

balance-of-payments deficits within the meaning of the statute, and that the proclamation is therefore ultra vires.

46. Proclamation 11012 purports to impose a surcharge and modify the HTSUS solely under Section 122 and section 604 of the Trade Act of 1974.

47. CBP lacked the authority to assess and collect the Section 122 surcharge paid by Plaintiff on its imports into the United States, and lacks the authority to retain that surcharge.

48. The Section 122 surcharge has expired by operation of the 150-day limitation in 19 U.S.C. § 2132(a), and no administrative process exists through which Plaintiff may obtain a refund of the surcharge.

49. Because this Court's relief in Burlap and Barrel was limited to the plaintiffs in that action, and because the Government's appeal of that decision remains pending before the Court of Appeals for the Federal Circuit, Plaintiff requires its own judgment in this action to obtain and preserve complete relief.

50. Accordingly, Plaintiff respectfully requests that the Court declare Proclamation 11012 unlawful as applied to Plaintiff, enjoin Defendants from enforcing that proclamation against Plaintiff, and order the refund of all Section 122 surcharge amounts paid by Plaintiff, together with interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. declare that the Section 122 surcharge imposed under Proclamation 11012 is unlawful, void ab initio, and without effect as applied to Plaintiff;

b. declare that, with respect to Plaintiff, CBP lacks authority to implement, enforce, administer, and collect the Section 122 surcharge;

c. order CBP to reliquidate any entries that have been liquidated with the Section 122 surcharge;

d. order CBP to liquidate all unliquidated entries subject to the Section 122 surcharge without the Section 122 surcharge;

e. order the United States to refund to Plaintiff all Section 122 surcharge amounts collected on those entries, together with interest as provided by law;

f. award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action; and

g. grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Anatolii Trembach
Anatolii Trembach

TREMBACH LAW FIRM, APC
27001 Agoura Road, Suite 350
Calabasas, CA 91301
(310) 744-1328
Anatolii.Trembach@trembachlaw.com
*Counsel for Plaintiff*
SVARN INFRATEL PVT LTD

Dated: October 9, 2026